IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES SPIGLER | * | |
| v. | * | Civil Action No. RDB-08-2539 |
| UNITED STATES OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-06-0389 |
| CHARLES SPIGLER | * | |
| | * | |

**MEMORANDUM OPINION**

On September 29, 2008, Charles Spigler, a federal inmate, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Spigler challenges his January 11, 2007 sentence for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g). Spigler asserts that the Government failed to prove that he had been previously convicted of fourth degree burglary--one of the three predicate convictions relied upon by this Court in sentencing him as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). He also claims that this Court improperly viewed the United States Sentencing Guidelines as mandatory rather than merely advisory. On October 29, 2008, the Government filed its response in opposition to Spigler's § 2255 motion. No hearing is necessary for a decision. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, this Court will, by separate Order, DENY Spigler's motion.

## BACKGROUND

On June 24, 2006, Charles Spigler gave his co-defendant, Mickey Mankins, a Marlin Model 25MN, .22 caliber bolt-action rifle, which Mankins immediately pawned off in return for $40 at a shop in Hagerstown, Maryland. The following month, on July 24, 2006, both men returned to the pawn shop in an attempt to redeem the rifle. The pair was subsequently indicted and arrested for conspiracy to possess a firearm after a felony conviction in violation of 18 U.S.C. § 371 (Count I), and possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g) (Count II). Spigler plead guilty to Count II of the indictment on January 11, 2007, and was sentenced to 180 months in federal prison, the statutory mandatory minimum based upon his identification as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). The United States Court of Appeals for the Fourth Circuit affirmed this sentence on January 15, 2008, rejecting Spigler's contention that his prior conviction could be characterized as a non-violent crime. On September 29, 2008, Spigler filed the instant motion challenging his sentence.

## DISCUSSION

I.  Procedural Default for Failure to Raise Claims on Direct Appeal

Title 28 U.S.C. § 2255, which allows federal inmates to make post-conviction motions to vacate sentences, does not provide an alternate route for appeal. Spigler's motion to vacate acknowledges that all of the issues contained in his petition are being raised for the first time and were not asserted in his direct appeal. However, it is well-established that issues not raised on direct appeal are deemed procedurally defaulted and cannot be considered in a subsequent § 2255 motion unless a movant can show either that "cause and actual prejudice" resulted from the errors asserted, or that an "imminent miscarriage of justice" would result from a denial of the collateral attack. *See United States v. Mikalajunas,* 186 F.3d 490, 492-93 (4th Cir. 1999). Cause

"must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. Demonstrating a potential "miscarriage of justice" requires a showing of movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Finally, the Fourth Circuit has recognized a narrow exception to the procedural default rule in the context of determining eligibility for application of a career offender provision, under which a federal court may consider the merits of a § 2255 claim when a petitioner has demonstrated his actual innocence as to a predicate offense. *See Mikalajunas*, 186 F.3d at 494-95.

Spigler fails to offer any explanation for his failure to raise his claims on direct appeal. Because he has not presented clear and convincing evidence of cause, prejudice, or actual innocence, Spigler's claims are deemed to be waived under the procedural-default rule. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (describing the procedural default rule as "a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.") Nevertheless, this Court proceeds to address the substantive grounds asserted in Spigler's motion to vacate and finds them to be without merit.

II.  Proof of Predicate Conviction

Spigler argues that the Government failed to provide notice and proof concerning his fourth-degree burglary conviction, which was cited as a predicate offense when he was classified as an Armed Career Criminal. This contention fails because Spigler had sufficient notice of the Government's intent to invoke the burglary conviction as a basis for enhancing his sentence. *See United States v. Mobley*, 40 F.3d 688, 691 (4th Cir. 1994) (stating that defendants have a right to adequate notice of Government's intent to pursue enhancement under § 924(e)). The Fourth Circuit has consistently held that the listing of the predicate offenses in the Presentence

Investigation Report ("PSR") is "more than adequate" notice of the Government's intent to pursue an Armed Career Criminal classification under 18 U.S.C. § 924(e). *United States v. O'Neal*, 180 F.3d 115, 125-26 (4th Cir. 1999). While Spigler raised several objections to the PSR, he did not contest its findings concerning his burglary conviction. *See* Dec. 22, 2006 PSR, at ¶ 34.

Moreover, this Court was further justified in relying upon this past conviction because the record indicates that defense counsel expressly acknowledged and conceded to the fact of his prior burglary conviction. Indeed, in Spigler's sentencing memorandum to the Court, defense counsel expressly referenced the conviction:

> On December 9, 1997, Mr. Spigler appeared in the Circuit Court for Washington County and entered a guilty plea to court 2- fourth degree burglary, in violation of Maryland Annotated Code, Article 27, section 32.

(Def. Sent. Mem. at 5.) Defense counsel further conceded at sentencing that "on December 9, 1997 it was a guilty plea to Count 2, burglary in the fourth degree . . . and a three year sentence imposed." (Tr. of Sent. at 34:3-6.) Thus this Court, under a preponderance of the evidence standard, was justified in concluding that Spigler had the requisite three predicate convictions necessary to enhance his sentence. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (predicate offenses need not be charged in the indictment or submitted to a jury for proof beyond a reasonable doubt); *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir. 2002), (adopting preponderance of the evidence standard for proof of prior convictions).

III.   The United States Sentencing Guidelines Were Considered Advisory

Finally, Spigler argues that this Court improperly viewed the U.S. Sentencing Guidelines as mandatory instead of merely advisory. *See United States v. Booker*, 543 U.S. 220, 264 (2005). However, as the Government notes in its response, the record invalidates this assertion. At Spigler's January 11, 2007 sentencing, this Court stated that the Guidelines would be

4

considered as "advisory and not mandatory," in conformance with the Supreme Court's holding in *United States v. Booker*. The Guidelines were consulted in the manner prescribed by *United States v. Hughes,* 401 F.3d 540, 546-47 (4th Cir. 2005), where the Fourth Circuit instructed sentencing courts to consider the statutorily prescribed sentencing range along with other relevant factors as enumerated in 18 U.S.C. § 3553. This process led this Court to impose a sentence which fell outside of the prescribed Guideline range. A sentencing based solely upon a mechanical calculation would have yielded a range of 210 to 262 months based upon Spigler's criminal history and his identification as an Armed Career Criminal. However, upon consideration of a variety of factors, this Court sentenced Spigler to the statutory mandatory minimum of 180 months incarceration, thus demonstrating that the Sentencing Guidelines were viewed as advisory and not mandatory.

Even if this Court had considered the Guidelines to be mandatory, such a misapplication could still not serve as a basis for Spigler to obtain relief under § 2255. The Fourth Circuit has joined other circuit courts in holding that a misapplication of the Sentencing Guidelines does not constitute a miscarriage of justice in the ordinary case. *See Mikalajunas,* 186 F.3d at 495-497 (quoting, e.g., *Burke v. United States,* 152 F.3d 1329, 1331-32 (11th Cir.1998) (finding that sentence imposed despite subsequent Guideline amendment was not a miscarriage of justice); *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir.1996) (holding that an incorrect application of the Guidelines by the district court could have been raised on direct appeal and is not a basis for collateral attack)). Thus, Spigler's contention that this Court viewed the Guidelines as mandatory rather than advisory is both unfounded and insufficient to maintain a motion to vacate under § 2255.

## **CONCLUSION**

In conclusion, Spigler's claims are without merit and his Motion to Vacate, Set Aside or Correct Sentence will be DENIED. A separate Order follows.

_____
Richard D. Bennett
United States District Judge